J-S05008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES PATRICK SMITH, | |
| Appellant | No. 1354 MDA 2016 |

Appeal from the Judgment of Sentence Entered July 6, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001886-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

JUDGMENT ORDER BY BENDER, P.J.E.:          **FILED FEBRUARY 03, 2017**

Appellant, James Patrick Smith, appeals from the judgment of sentence of 1 to 4 years' incarceration, and $21,600 in restitution, imposed after he pled guilty to theft by deception, 18 Pa.C.S. § 3922(a)(1).  On appeal, Appellant challenges the amount of restitution ordered by the trial court, contending, *inter alia*, that it violated the terms of his negotiated plea agreement with the Commonwealth.  After careful review, we vacate Appellant's sentence of restitution and remand for resentencing.

As just stated, Appellant complains that the sentence of restitution imposed by the court violated the terms of his negotiated plea agreement, which called for restitution in the amount of $12,000.  **See** N.T. Plea

---

[*] Retired Senior Judge assigned to the Superior Court.

Proceeding, 9/19/16, at 4 (Commonwealth's stipulating that the agreed upon amount of restitution was $12,000); *id.* at 5 (the court's stating to Appellant that the "agreed-upon figure for restitution is $12,000" and Appellant's indicating that he understood that amount to be part of his plea). The Commonwealth and the trial court both agree with Appellant that the court's imposition of $21,600 violated the plea agreement, and that resentencing is required. *See* Commonwealth's Brief at 7-8 ("[T]his case should be remanded for resentencing with the restitution amount to be $12,000."); Trial Court Opinion, 10/12/16, at 3 (unnumbered) ("Because the restitution amount was part of a negotiated plea in this case, this court requests that the Superior Court remand the case for resentencing with the restitution amount to be $12,000."). Based on our review of the record, we agree. Thus, we vacate Appellant's sentence of restitution, and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/3/2017